UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J. MICHAEL WEHRLE, <br> d/b/a Chemagency, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL PETROCHEMICALS USA, INC. <br> and <br> SIGMA COATINGS USA B.V., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 4:06CV408 RWS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **ORDER**

Plaintiff Wehrle sued Defendant Sigma for breach of contract and unjust enrichment. Wehrle's complaint alleges that Defendant Total owns Defendant Sigma. Wehrle's complaint asserts a claim against Total for intentional interference with the contract between Wehrle and Sigma. On April 14, 2006, I granted Defendants' motion to compel arbitration between Wehrle and Sigma and to stay the claim against Total until the arbitration is completed.

Wehrle has filed a motion to dismiss Sigma from this lawsuit and to lift the stay of his claim against Total. Wehrle asserts that his arbitration with Sigma may not be expeditious or fruitful based on the fact that Sigma has ceased operations. The basis of Werhle's motion is without merit. Wehrle freely entered an manufacturer's representation agreement with Sigma which contained an arbitration clause to settle any disputes that arose from the agreement. Wehrle asserts that Sigma breached the agreement and that Total induced it to do so.

The United States Supreme Court has expressed a liberal federal policy favoring arbitration agreements. See Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334

F.3d 721, 725 - 726 (8th Cir 2003). I granted Defendants motion to compel Wehrle to arbitrate his dispute with Sigma. The result of that arbitration will be highly relevant to Wehrle's claim against Total. Sigma had the right to seek an order compelling arbitration. Now that it has been granted Wehrle should not be allowed to avoid arbitration by attempting to dismiss his claims against Sigma from this case.

The allegations and concerns that Wehrle has raised about Sigma's ability to complete arbitration do not give rise to a finding that arbitration between the parties will be fruitless.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion to lift the stay of further proceedings against Defendant Total [#19] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2006.